HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

F.C. BLOXOM COMPANY,

    Plaintiff,

    v.

FIREMAN'S FUND INSURANCE
COMPANY,

    Defendant.

CASE NO. C10-1603RAJ

ORDER

## I.  INTRODUCTION

   This matter comes before the court on the motion of Defendant Fireman's Fund Insurance Company ("Fireman's Fund") for reconsideration of a prior order, along with motions in limine from Fireman's Fund and Plaintiff F.C. Bloxom Company ("Bloxom"). Dkt. ## 70, 85, 87.  As stated below, the court DENIES the motion for reconsideration and GRANTS both motions in limine in part and DENIES them in part.

## II.  MOTION FOR RECONSIDERATION

   Fireman's Fund's motion for reconsideration targets a single aspect of the court's April 19 order on several motions.  Dkt. # 69.  In that order, the court rejected as a matter of law Bloxom's theory that because Fireman's Fund did not timely communicate with Bloxom about its claim, Bloxom "lost [the] opportunity to prove coverage" for its claim. Pltf.'s Opp'n (Dkt. # 59) at 5.  For reasons not apparent to the court, that was the *only* damage flowing from Fireman's Fund's alleged bad faith that Bloxom identified in its

ORDER – 1

opposition to the summary judgment motion that the court addressed in the April 19 order.

If the court had held Bloxom solely to the arguments it made in its opposition to summary judgment, the court would have dismissed Bloxom's bad faith claims (and its other claims, to the extent they relied on a showing of bad faith) as a matter of law. But, while the court does not believe it is appropriate to argue a litigant's case for it, it also does not believe it appropriate to ignore evidence in the record that supports a litigant's claim. In this case, all parties were aware that Bloxom had engaged Dennis Connolly to provide expert analysis of Fireman's Fund's bad faith. The court's prior order noted that Mr. Connolly's expenses were potentially recoverable as bad faith damages. The court did not mention other possible aspects of Bloxom's bad-faith-induced damages, as there was no need to do so.

Now Fireman's Fund contends that Bloxom did not disclose Mr. Connolly's fees as an element of damages during discovery, and that the court should not permit Bloxom to do so now. It further contends that fees for experts retained for litigation purposes are not bad faith damages as a matter of law. The court agrees that Bloxom failed to disclose Mr. Connolly's fees as an element of damages. Apparently, Bloxom agrees as well, because its opposition to the motion for reconsideration makes no mention of Mr. Connolly or his fees. The court accordingly rules that Bloxom has abandoned this issue, and that it may not request damages based on Mr. Connolly's fees. The court thus has no need to decide whether Fireman's Fund correctly asserts that an insured who hires an expert for litigation purposes cannot claim the expert's fees as bad-faith-induced damages.

Although Bloxom did not mention Mr. Connolly, it used its opposition to the reconsideration motion to point, for the first time, to a claim for bad-faith-induced damage other than its ill-fated "lost opportunity to prove coverage" theory. It explains

ORDER – 2

that in its responses to Fireman's Fund's interrogatories, it stated that "damage to [its] Shipment resulted from Fireman's Fund's delay in the handling of Bloxom's claim." Clark Decl. (Dkt. # 54) at 8.  Bloxom apparently intends to offer evidence and argument at trial that it suffered a loss of or damage to its shipment as it awaited a response from Fireman's Fund about its claim.  The court can only guess why Bloxom did not articulate this claim *to the court* sooner, but its interrogatory response sufficed to disclose it to Fireman's Fund.  That response was part of the record underlying Fireman's Fund's prior summary judgment motion, and it suffices to support Bloxom's assertion of bad-faith-induced damages.  The court therefore declines to reconsider its prior order.

Bloxom also argues that it suffered damage as a result of Fireman's Fund's delayed coverage decision because the delay caused Bloxom to miss the one-year statute of limitations in the insurance policy.  As the court explained in its prior order, Bloxom may be able to prove that Fireman's Fund's delay in communicating a coverage decision (along with other factors) means that Fireman's Fund is equitably estopped from relying on the policy's statute of limitations.  If Bloxom fails to establish equitable estoppel, it may not avoid that failure by claiming that Fireman's Fund's bad faith caused it to miss the one-year deadline for filing suit.  Equitable estoppel is the *only* route by which Bloxom can avoid the policy's statute of limitations.

Bloxom also used its opposition to the reconsideration motion to make several arguments that it should have made long ago in a motion of its own.  First, Bloxom contends that Fireman's Fund's "true motivation" for seeking reconsideration was to prevent Bloxom from seeking treble damages in accordance with the Insurance Fair Conduct Act ("IFCA").  *See* RCW § 48.30.015(1) (giving cause of action for any "first party claimant to a policy of insurance who is unreasonably denied a claim for coverage"), § 48.30.015(2) (permitting court to enhance damage award in "an amount not to exceed three times the actual damages").  Bloxom's assertion is puzzling, because

ORDER – 3

there is no evidence that Fireman's Fund is seeking reconsideration to prevent Bloxom from invoking IFCA.  Indeed, the court has already explained to Bloxom that its prior order did not address whether Bloxom had a viable IFCA claim.  Apr. 24 ord. (Dkt. # 81) (addressing Bloxom's motion for clarification).  Bloxom believes that IFCA provides a cause of action for damages as a result of improper denial of insurance coverage as well as bad-faith-induced damages.  The court takes no position on whether Bloxom is correct, because Bloxom has never properly asserted this argument in a motion.  The court simply reiterates, as it has done once already, that the court has never considered whether Bloxom has an IFCA claim based solely on Fireman's Fund's allegedly improper denial of coverage.

Second, Bloxom argues for the first time that a jury, not the court, must decide whether Bloxom has proven IFCA damages *and* whether to treble or otherwise enhance those damages.  Once again, because Bloxom has not made this IFCA argument in a motion of its own, the court will not decide the issue.  The court must, however, point out that Bloxom is mistaken in its view that "it is now settled in this [D]istrict that questions regarding IFCA damages present an issue for the jury to evaluate, not the court."  Pltf.'s Opp'n (Dkt. # 89) at 5.  To support that proposition, Bloxom cites a decision from the Honorable Benjamin Settle, another of this District's judges.  The court suggests no view on whether it would reach the same legal conclusion as Judge Settle.  Instead, it notes that neither Judge Settle's legal determinations nor the determinations of any other judge in this District are binding on the District's other judges.  The decisions of a district court do not bind other district courts, even within the same district.  *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1176 (9th Cir. 2001) (rejecting argument because it would imply that "district court opinions should bind district courts, at least in the same district"); *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) ("The opinion of a district court carries no precedential weight, even within the same district."); *Threadgill v. Armstrong*

ORDER – 4

*World Indus., Inc.*, 928 F.2d 1366, 1371 & n.7 (3d Cir. 1991) ("[I]t is clear that there is no such thing as 'the law of the district.'"); *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) ("A single district court decision . . . is not binding on the circuit, or even on other district judges in the same district.").

### III.  MOTIONS IN LIMINE

The parties have each filed a single motion in limine with several parts.  The court now rules on each part, beginning with Fireman's Fund's four-part motion.

**A.     Fireman's Fund's Motion in Limine**

The court grants the first part of Fireman's Fund's motion, which seeks to exclude testimony from Mr. Connolly, who wishes to offer expert testimony regarding Fireman's Fund's bad faith.  Mr. Connolly has substantial insurance-industry experience.  It is plain, however, from the declaration and expert report he previously submitted (Dkt. # 56), that he intends to testify primarily to announce his view of what the law is.  That is the court's role; it is not the province of any expert.  Mr. Connolly also plans to testify as to his expectations of Fireman's Fund's conduct in this case.  The law, however, already sets forth those expectations in detail.  The court does not find that Mr. Connolly has anything to add.  The court finds that Mr. Connolly's testimony would add little probative evidence for the jury to consider, and presents a great danger of misleading the jury as to whose view of the law they must follow.

The court partially denies the second part of Fireman's Fund's motion.  Fireman's Fund asks the court to exclude evidence of damages that Bloxom did not previously disclose in discovery.  That motion might be appropriate if it were targeted at specific evidence that Bloxom did not disclose in discovery, but now seeks to rely on at trial.  For example, Fireman's Fund's motion for reconsideration targeted Mr. Connolly's fees as an undisclosed element of damages.  The court had no need to decide whether to exclude

ORDER – 5

that evidence, because Bloxom abandoned it.  Fireman's Fund's motion, however, does not target specific evidence.  Instead, it takes an unduly restrictive view of what Bloxom disclosed in discovery.  Fireman's Fund focuses on Bloxom's response to an interrogatory that requested disclosure of "each and every category of damages" that Bloxom suffered.  Bloxom responded by listing only its $86,000 claim as an element of damages.  Bloxom could no doubt have done a better job categorizing and itemizing its damage claims, but Fireman's Fund has no basis to argue that Bloxom disclosed no other damages.  As the court has already noted, Bloxom disclosed in a different interrogatory response that it suffered a loss of or damage to its shipment as a result of Fireman's Fund's delay in communicating about the claim.  Fireman's Fund may object at trial to specific evidence that Bloxom did not disclose in discovery, but the court will not broadly preclude Bloxom from introducing "categories" of damage merely because Bloxom did not disclose them in the way that Fireman's Fund preferred.

The court grants the third part of Fireman's Fund motion, which would bar evidence or argument regarding the relative financial status of Fireman's Fund and Bloxom.  Bloxom does not oppose this motion, but insists that it should be able to present evidence of its own financial status.  The court makes no ruling on whether such evidence is admissible, because Fireman's Fund's motion only targets comparisons between the financial statuses of the parties.

The court denies the fourth part of Fireman's Fund's motion.  It seeks to exclude what Fireman's Fund deems to be cumulative evidence regarding its failure to communicate with Bloxom.  Fireman's Fund reasons that because the court has already ruled that its failure to communicate was in bad faith, it is unnecessary to present evidence about that issue.  The court disagrees.  First, the court has only ruled that the failure to communicate was in bad faith, a ruling that does not preclude a jury finding that other aspects of Fireman's Fund's claims handling were in bad faith.  Second, because

ORDER – 6

either the court or the jury may impose an enhanced damage award, all evidence about Fireman's Fund's claims handling is potentially relevant.

**B.      Bloxom's Motion in Limine**

The court now turns to Bloxom's motion, the first part of which seeks to exclude expert or lay testimony regarding the possibility of extricating the nuts from Venezuela. The court denies this request.  There is no indication that Bloxom intends to offer any testimony from the sort of expert witness who would be subject the advance reporting requirements of Fed. R. Civ. P. 26(a)(2)(B).  Instead, it appears that some witnesses with factual knowledge of Bloxom's shipment of nuts and its fate in Venezuela may offer lay opinion testimony about the possibility of having the nuts re-shipped.  To the extent those opinions are reasonably based on a witness's experience with Venezuelan shipping, the court will not exclude them.  Bloxom is free to object at trial to the extent that any witness (and in particular the surveyor who attempted to access the nuts on Fireman's Fund's behalf in 2009) offers testimony that strays beyond the boundaries of lay opinion testimony.  The court finds no reason, however, to categorically exclude such evidence. Bloxom is mistaken, moreover, in its belief that the court has somehow already excluded such evidence by denying Fireman's Fund's motion for a trial continuance.

The court denies the second part of Bloxom's motion, which would exclude evidence that Bloxom did not directly notify Fireman's Fund of its claims.  The court notes Fireman's Fund's express assurance that it will not attempt to argue that Bloxom's failure to notify it directly somehow prejudiced Fireman's Fund or gave it a reason to deny coverage.  Subject to that limitation, the court finds no reason to prohibit testimony regarding Bloxom's failure to notify Fireman's Fund directly.  Indeed, it will be impossible to provide evidence about Fireman's Fund's claims handling without pointing out that Bloxom did not (at least at first) communicate directly with Fireman's Fund.

ORDER – 7

1    The court largely denies the third part of Bloxom's motion, which seeks to exclude

2    evidence or argument that Fireman's Fund did not issue its policy to Bloxom or that

3    Bloxom is not its insured.  Fireman's Fund did not issue a policy to Bloxom, an

4    undisputed fact that the court sees no reason to keep from the jury.  It is nonetheless

5    undisputed that Bloxom became Fireman's Fund's insured by virtue of the certificates of

6    insurance.  The court finds no indication that Fireman's Fund will attempt to argue

7    otherwise, but the court will not permit it to do so.  The court believes that the jury must

8    hear evidence regarding the certificates of insurance and the "open cargo" policy that

9    Fireman's Fund issued in order to understand the unusual four-party claims-handling

10   process in this case.  If either party offers evidence or argument about this issue in a way

11   that appears likely to mislead the jury, the other party may object, and the court will

12   consider the objection as it arises.

13         The court denies the fourth part of Bloxom's motion, which seeks to exclude

14   evidence that shows that Fireman's Fund claims adjuster Lani Igama believed that

15   Roanoke would communicate with Bloxom about Fireman's Fund's claims handling in

16   the summer of 2009.[1]  The court has already ruled that Fireman's Fund bears ultimate

17   responsibility for its failure to ensure that Bloxom was told of Fireman's Fund's

18   decisions.  Fireman's Fund may not argue otherwise at trial.  Nonetheless, whether Ms.

19   Igama had a reasonable belief that Roanoke would communicate with Bloxom is relevant

20   to the egregiousness (or lack thereof) of Fireman's Fund's bad faith.  The egregiousness

21   of Bloxom's bad faith may be relevant to any enhanced damage award.

22         The court denies the fifth part of Bloxom's motion, which would exclude all

23   evidence that Bloxom made a claim with Maersk, the entity who shipped Bloxom's nuts.

24   Fireman's Fund assures the court that it will not introduce evidence about this issue to

25

26   [1] Fireman's Fund concedes that it may not introduce evidence or argument that Roanoke was
     Bloxom's agent for claims handling purposes, in accordance with the court's prior ruling that
27   Roanoke was not Bloxom's agent as a matter of law.

28   ORDER – 8

support a defense that Bloxom failed to mitigate its damages.  The court will hold Fireman's Fund to this limitation.  But, as Fireman's Fund points out, evidence of Bloxom's claim with Maersk may show that its loss was not the permanent stranding of its shipment, but delay-induced spoilage of the nuts.  Evidence about the claim with Maersk might also bear on when Bloxom believed it suffered a loss.  That evidence is relevant.  The court will not exclude it.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Fireman's Fund's motion for reconsideration (Dkt. # 70), and GRANTS in part and DENIES in part each of the parties' motions in limine (Dkt. ## 85, 87).

DATED this 9th day of May, 2012.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9